**SIGNED THIS: July 24, 2014**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 14-70299 |
| ASHLEY L. AUSTIN, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

# O P I N I O N

Before the Court is the Chapter 7 Trustee's Objection to the Debtor's Claim of Exemption in funds held by the Debtor in a savings account. The Debtor claims the funds are exempt public assistance benefits. Because the provision of the Illinois statute under which the exemption is claimed protects only a debtor's future right to receive benefits and not benefits already received, the Trustee's Objection will be sustained.

## I. Factual and Procedural Background

Ashley L. Austin ("Debtor") filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 27, 2014. On her Schedule C, the Debtor claimed $4057 held in a savings account at Busey Bank as exempt under the Illinois statute that protects from judgment, attachment, or distress for rent a debtor's right to receive benefits attributable to social security, unemployment, public assistance, veteran status, disability, or illness. Although the exemption was claimed under the statute generally, the current dispute is centered on the Debtor's position that the funds are exempt as a public assistance benefit. The Debtor has disclosed that the funds came from an Earned Income Tax Credit ("EIC") received as part of her 2013 federal income tax refund. Bank records show that the Debtor deposited her federal income tax refund into her Busey Bank checking account on February 10, 2014, and then transferred the exact portion attributable to her EIC to her savings account on February 12, 2014.

The Trustee filed an Objection to Debtor's Claim of Exemption ("Objection"), asserting that funds traceable to the EIC portion of her tax refund received prior to filing her bankruptcy petition are not exempt under the Illinois statutory provision protecting her right to receive public assistance benefits. The Trustee claims that the exemption does not protect benefits held in a savings account which were received before the case was filed. In her response, the Debtor persisted in her claim that the funds are exempt. But the Debtor further stated that she would amend her exemption claim to protect some of the funds using her

remaining "wildcard" exemption. The Debtor subsequently filed an Amended Schedule C claiming $1000 of the EIC funds held in her savings account at Busey Bank as exempt under the Illinois "wildcard" exemption provision.[1]

At the hearing on his Objection, the Trustee repeated his arguments that the Illinois exemption provision cited by the Debtor protects only the "right to receive" certain benefits and does not protect funds already received and held in an account on the date of filing. The Debtor's counsel argued that EIC refunds are exempt both before and after receipt. Both parties were given an opportunity to submit authority in support of their arguments. The Trustee filed a memorandum citing cases in support of his position. The Debtor filed nothing in support of her arguments. The matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues presented here pursuant to 28 U.S.C. §1334. Resolving issues regarding the allowance or disallowance of exemptions from property of the estate are core proceedings. 28 U.S.C. §157(b)(2)(B).

---

[1] From the Amended Schedule C, it is not entirely clear whether the Debtor still seeks to claim the $3057 balance as exempt as a public assistance benefit. At a hearing held after the amended schedule was filed, however, counsel for the Debtor maintained the position that the funds were so exempt. As such, the Court will proceed to decide the issues before it. The better practice for filing an Amended Schedule C would have been to include the previously-claimed exemptions with the amendments so that total amounts claimed as exempt and the basis for each claim of exemption would be clear.

### III. Legal Analysis

A party objecting to a claim of exemption bears the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). Personal property exemption statutes are to be construed liberally to protect debtors. *Matter of Barker*, 768 F.2d 191, 196 (7th Cir. 1985); *In re Bowen*, 458 B.R. 918, 920 (Bankr. C.D. Ill. 2011). If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable construction should be followed. *Id.*

The State of Illinois has opted out of the application of federal exemption provisions. As such, debtors in Illinois are generally entitled to claim exemptions only as allowed by Illinois law. *See* 735 ILCS 5/12-1201. Here, the Debtor made a claim of exemption under the Illinois exemption statute, which provides, in part, as follows:

> Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> * * * *
>
> (g) The debtor's right to receive:
>
> (1) a social security benefit, unemployment compensation, or public assistance benefit;
>
> (2) a veteran's benefit; [and]
>
> (3) a disability, illness, or unemployment benefit[.]

735 ILCS 5/12-1001(g).

It is well settled that tax refunds attributable to the EIC are "public

-4-

assistance benefits" as the term is used in the Illinois statute. *See In re Royal,* 397 B.R. 88, 102 (Bankr. N.D. Ill. 2008); *In re Brockhouse,* 220 B.R. 623, 625 (Bankr. C.D. Ill. 1998); *In re Fish,* 224 B.R. 82, 85 (Bankr. S.D. Ill. 1998). The EIC is a refundable tax credit provided for low-income workers who have dependent children and who maintain a household. *See* 26 U.S.C. §32. For eligible individuals, when the amount of the credit is greater than their tax liability, the difference is considered an overpayment of tax, which is refunded to the individuals once their tax returns have been processed. *See Sorenson v. Secretary of Treasury*, 475 U.S. 851, 854-55 (1986).

The EIC has been characterized as "an item of social welfare legislation" delivered through the income tax laws. *See Brockhouse,* 220 B.R. at 623 (collecting cases). But what distinguishes the EIC from other credits is that it is refundable rather than a mere setoff of tax that would otherwise be owed. *In re Koch*, 299 B.R. 523, 527 (Bankr. C.D. Ill. 2003). The refundable nature of the credit illustrates the legislature's intent to provide "public assistance" to low-income families. *Id.* Support for treating the EIC as a "public assistance benefit" is also found in the Supreme Court's discussion of the purpose of the credit in *Sorenson*, stating that the EIC "was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices." *Sorenson*, 475 U.S. at 864. Based on the fresh start policy of the Bankruptcy Code, the purpose of the EIC of providing a payment to low-income families to enable them to meet their basic needs and the liberal

interpretation of exemption statutes in favor of protecting debtors, EIC tax refunds are exempt as "public assistance benefits" under §12-1001(g)(1). *See Fish*, 224 B.R. at 83; *Brockhouse*, 220 B.R. at 625.

The question presented here is the scope of the exemption for public assistance benefits including EIC tax refunds and, more precisely, whether EIC funds enjoy any protection after receipt. The Trustee says there is only an exemption in the "right to receive" benefits in the future and, once received, the funds are no longer exempt. The relevant statutes and case law lend support to his position.

Section 12-1001(g), on its face, limits the exemption provided for certain listed benefits to the "right to receive" those benefits. 735 ILCS 5/12-1001(g). In contrast, §12-1001(h), which provides for the exemption of other assets, such as payments on account of personal injury and life insurance proceeds, exempts not only the "right to receive" the funds but also property "traceable to" the funds received. 735 ILCS 5/12-1001(h). Because the Illinois legislature drafted distinct exemption provisions for different types of assets, it must be presumed that the legislature acted intentionally and meant what it said. *See In re Marrriage of Pope-Clifton*, 355 Ill.App.3d 478, 481-82, 823 N.E.2d 607, 609 (2005).

Illinois courts have recognized the distinction between §12-1001(g) and other Illinois exemption provisions which protect both the right to receive benefits and property "traceable to" the receipt of such benefits. *See Pope-Clifton,* 355 Ill.App.3d at 481-82, 823 N.E.2d at 609 (funds in a bank account traceable to veterans' benefits are not exempt under §12-1001(g)); *Fayette County Hosp. v. Reavis*, 169 Ill.App.3d 246, 250, 523 N.E.2d 693, 695 (1988) (only the right to

receive Social Security benefits is exempt under Illinois law). Bankruptcy courts in Illinois have likewise recognized the distinction between statutory provisions which exempt only the right to receive future benefits and provisions which exempt both the right to receive the benefit and property traceable to the benefit after receipt. *See In re Russell*, 2013 WL 4591985, at *2 (Bankr. C.D. Ill. Aug. 28, 2013) (EIC refund money received pre-petition and held in an account is not exempt as §12-1001(g) exemption is limited to right to receive such funds); *In re McQuaid*, 492 B.R. 514, 517-18 (Bankr. N.D. Ill. 2013) (exemption under §12-1001(g) protects only right to receive disability benefits, not trust assets traceable to disability insurance payment received pre-petition); *Bowen*, 458 B.R. at 922 (cash value in disability insurance policy is exempt under §12-1001(g) as it represents the right to receive disability benefits in the future).

  The statutory language is clear. The exemption provided for public assistance benefits under §12-1001(g) is limited to the right to receive such benefits. The Trustee's objection to the Debtor's claim of exemption under §12-1001(g) in funds held in her savings account must be sustained. This result is, of course, somewhat counterintuitive. If, as set forth above, one purpose of providing the EIC benefit is to help low-income families meet their basic needs, it makes little sense not to protect the benefit once it is in the hands of a debtor and actually available to meet that purpose. But however unsatisfying the result is, it is not absurd, and absurdity is the standard that must be met in order to ignore the mandates of an unambiguous statute. *See Russell*, 2013 WL 4591985, at *2.

### IV. Conclusion

The Trustee's Objection to the Debtor's Claim of Exemption in funds traceable to an EIC refund received prior to filing her petition will be allowed. Because the statute clearly limits the exemption to the "right to receive" public assistance benefits, the claimed exemption in funds received pre-petition must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###